# IN THE COURT OF APPEALS OF IOWA

No. 14-0534
Filed August 19, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ALLEN MICHAEL VERBEEK,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Tama County, Marsha M. Beckelman, Judge.

A defendant appeals his sentence following his *Alford* plea to domestic abuse assault. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Sheryl A. Soich, Assistant Attorneys General, and Brent D. Heeren, County Attorney, for appellee.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**MULLINS, J.**

Allen Verbeek entered a written *Alford*[1] guilty plea to domestic abuse assault, an aggravated misdemeanor, in violation of Iowa Code section 708.2A(1) and (3)(b) (2013). In exchange, the State dismissed multiple counts and separate pending cases. The written plea provided the court could rely on the minutes of evidence attached to the trial information to establish a factual basis for the plea. The plea expressly admitted his prior conviction of domestic abuse on July 9, 2009, which the trial information stated was a third-offense domestic abuse assault. His written guilty plea requested immediate sentencing, waived personal presence, waived filing a motion in arrest of judgment, and acknowledged and waived his right of allocution. The court accepted the written plea and waiver of rights, and sentenced Verbeek consistent with the plea agreement, reciting that the reasons for the sentence were "the Defendant's prior record, the plea agreement, and the nature of the offense." Verbeek has appealed the sentence, claiming the court did not articulate enough factors to demonstrate that exercised its sentencing discretion.

Verbeek waived any delay in sentencing, requested immediate sentencing, and specifically waived his right to address the court before sentencing or to argue in mitigation of the sentence. The written plea accurately recited the plea agreement he made with the State, offered no objection to the State's recommendation, and made no independent recommendation or request

---

[1] An *Alford* plea allows a defendant to consent to the imposition of a prison sentence without admitting participation in the acts constituting the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

of his own. The court granted his request for immediate sentencing without his presence. On this record, the court exercised its discretion based on the information it had before it.

**AFFIRMED.**